WILLIAM A. HOWARD *v.* THE CITY OF PROVIDENCE.

What a town or city has paid neighboring proprietors as damages for their land taken and injured by the laying through it of a street, and in compromise of their claims for such damages pending an appeal, cannot be given in evidence to prove the damages of another like claimant and appellant.

The competency of a person to give his opinion under oath as an expert, so that upon the preliminary examination he appears to have any pretensions to speak as such, rests very much in the discretion of the judge trying the cause.

Considerations proper to be taken into account by a jury in estimating the damages of one, part of whose land has been taken for a street under the act of January session, 1854, entitled, " An act in relation to the laying out, enlarging, straightening, or otherwise altering streets in the city of Providence."

APPEAL from the report of commissioners awarding damages for the laying out of Washington Street, in the city of Providence, over the appellant's land, under the act in " relation to the laying out, &c. of streets in the City of Providence," passed at the January session of the general assembly, 1854. The appeal was tried at this term before the chief justice with a jury, and at the trial the appellant, in order to prove the amount of damage done to him by the taking of his land, offered to prove by Dennis Sawyer and Caleb Burrows, that the city of Providence had paid to the Rawson Fountain Society and to the said Burrows, in compromise of their appeals from awards of damages for lands taken for said street adjoining the appellant's, certain sums of money, which proof, upon objection, was ruled out by the presiding judge. The judge also admitted, notwithstanding the objection of the appellant, Walter W. Updike, as a witness in behalf of the City of Providence, to give his opinion, as an expert, as to the damage done to the appellant, by the laying out of Washington Street through his land, and as to the relative value of said land before and after the laying out of said street; it appearing, from a preliminary examination of the witness, that he was a dealer in real estate for himself and others, and had been acquainted with the value of real estate about Providence for the last ten years; that he had been somewhat familiar with the estate of the appellant, having owned real estate near it; that

he had not advertised himself as a real estate broker, but practised as a lawyer, but that he had bought and acted for others in the sale of real estate, as a part of his business, in thirty or forty instances.

The judge also charged the jury, in substance, that in estimating the damages of the appellant, they were to estimate the value of his land taken, and any substantial damage done to the remainder of his land, not taken by the making of the street; that they were to consider and estimate, on the other hand, the substantial benefits, if any, conferred upon the appellant by the opening of the street through his land, giving him fronts on the street for what was back land, and raising its value for building purposes, if they found, from its position and character that its chief improvable value was in using it for such purposes; that if the benefits of a substantial character equalled or overbalanced the injury done by taking a portion of the land, and by the shape in which the making of the street left the land not taken, their verdict must be against the appellant; but if the damage by the making of the street to the appellant's land as above, exceeded such benefits, they must assess the balance in his favor against the city; and that, in any comparison which they might make between the value of the appellant's land, with or without the street through it, they were to consider its capability of improvement by the appellant, by the laying out of streets by him, as well as the chance of streets being laid through said land by the public more advantageous to him than the present street; always taking into consideration, however, in such a comparison, that the street actually laid out was a public street, and was made and supported by the public, and the improbability that the public would lay out a street with sole regard to any one individual's interest; its duty being so to lay streets as to combine the greatest public benefit with the least private injury.

The appellant having duly excepted to the above rulings and charge, and the verdict of the jury having found that he had sustained no damage by the laying out of Washington Street through his land, he now moved for a new trial, on the ground that the presiding judge had erred in matter of law in so ruling and charging.

*W. H. Potter*, for the appellant.

*Clarke*, City Solicitor, and *T. A. Jenckes*, for the City of Providence.

BOSWORTH, J. The ruling of the court in this case, upon the evidence offered, we think was correct. What the city paid other parties in compromise of suits pending on appeal for land damages, although the lands might be similarly situated with lands of the plaintiff's taken by the city, was certainly not evidence of the market value of the land, or of any substantial damage suffered by the plaintiff. Upon grounds of public policy, offers made in compromise of suits, pending litigation, are not to be used in evidence against the party making them. 1 Greenleaf, § 192. We do not see that such evidence ought to be any guide to the jury in estimating damages. When a party buys his peace, or compromises a pending suit, many considerations may influence him; the trouble, vexation, and cost of a lawsuit, payment of counsel, time expended in attending litigation, and other matters, may induce him, for the avoiding of trouble, to pay in compromise far more than the value of the thing in controversy.

The rule for the admission of experts as witnesses, places the question of qualification very much in the discretion of the judge presiding at the trial. He makes a preliminary examination to ascertain whether the witness is an expert. If he finds him so, he properly admits him; and the jury judge of the weight of his testimony. The witness Updike, in this case, seems, by his preliminary examination, to have had experience enough in the buying and selling of lands for himself and others in the city, to render him an expert upon the question of value of land, if any one could be so. The judge in his discretion admitted his testimony to go to the jury; and they, hearing the evidence of his means of knowledge as well as his opinion of the value of the land, no doubt gave to his opinion just so much consideration as they deemed it entitled to. In this we see no error.

As to the charge given to the jury, we do not see but that it was in accordance with the law; and as no particular error is pointed out in the exceptions, and we can find none ourselves, we must overrule the grounds presented for a new trial. The petition for a new trial is therefore dismissed.