[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS ON DISCOVERY MOTIONS
I.
SUBPOENA DUCES TECUM
Defendants filed this motion to quash plaintiffs' subpoena duces tecum which was served March 21, 1991 on Norman R. Beretta. Mr. Beretta had appraised the Black Point property for the state prior to the condemnation.
Defendants cite L'Etoile v. Director of Public Works,153 A.2d 173 (R.I. 1959), where a real estate appraiser, who had appraised the condemned property for the state, was subpoenaed by the condemnees but refused to testify. The court held that a witness could not be required to testify as an expert when not engaged but merely subpoenaed by the condemnees. This holding was affirmed in Ondis v. Pion, 497 A.2d 13 (1985).
The plaintiffs in the case at bar, like the condemneesL'Etoile, did not engage the appraiser but merely sought to require him to testify on their behalf. It is clear that the case at bar is controlled by the L'Etoile holding.
Therefore, this Court finds that Mr. Beretta cannot be required to testify and the defendants' motion is granted.
II.
PLAINTIFFS' MOTION TO COMPEL DISCOVERY OF STATE'S PRE-CONDEMNATION APPRAISALS AND DOCUMENTS
A. Discovery of pre-condemnation appraisals.
Plaintiffs argue that the two pre-condemnation appraisals are public records as defined by RIGL § 38-2-1 et seq. Defendants argue that the appraisals are exempted as public records under either exemption 5 or 14.
Defendants' contention that exemption 14 applies because the proceedings are not over is not convincing. The statute allows an exemption "until such time as all of the property has been acquired or all proceedings . . . have been terminated." RIGL §38-2-2(d)(14). Since all of the property has been acquired, it no longer falls under this exemption. The statute requires either acquisition of all the property or termination of all proceedings, not both. The fulfillment of either requirement, in this case the acquisition, takes the appraisals out of the exemption.
However, this Court finds that exemption 5 of the Public Records Act does apply to this specific case. Given the unique location of Black Point, it was reasonable for the defendants to anticipate litigation as to the value of this parcel. This Court finds that the appraisals were made in anticipation of litigation and therefore fall under the exception to public records enunciated in RIGL § 38-2-2(d)(5).
B. Discovery of other pre-condemnation documents.
It is not possible for this Court to make a general ruling as to the discovery of all other pre-condemnation documents as the plaintiff seeks. Each document must be examined in camera by the Court to ascertain if either the attorney-client privilege or the work product privilege apply. Such a determination cannot readily be made without further information regarding the documents.
It is for these reasons that plaintiffs' motion to compel discovery of the pre-condemnation appraisals be denied and discovery of the other pre-condemnation documents be reserved until such time as the Court, if necessary, makes an in camera inspection of the documents.
III.
PLAINTIFFS' REQUEST TO DISCOVER STATE'S CONDEMNATION OR PURCHASE OF PROPERTY SIMILAR TO BLACK POINT
Defendants object to plaintiffs' request citing Howard v.City of Providence, 6 R.I. 514 (1860), which held that amounts paid to other parties for similarly situated land was not evidence of the market value of the land or any damages suffered. The more recent trend in Rhode Island is to allow such evidence under certain circumstances.
In JWA Realty Co. v. City of Cranston, 399 A.2d 479 (1979), the court held that prices paid in the open market at or about the time of the taking for substantially similar and comparable properties, when available and when proper adjustments can be made for minor differences between the properties, are best evidence of the fair market value of the properties.
Similarly, in Campos v. Capaldi, 280 A.2d 182 (1966), the court held that the sale of the same property was admissible if "the sale was very recent; that values have not changed in the area since the date of such sale; that such sale was not a forced sale or a `kinfolk' sale; and that such sale was one between a seller who desired to sell but was not obliged to do so, and a buyer who desired to buy but was under no necessity of buying."Id. at 183.
This Court finds that as long as the requirements of JWARealty and Campos are followed, and the sales and the properties fit those requirements, evidence of such sales are discoverable.
IV.
DISCOVERY OF EXPERTS
Defendants seek to discover the basis of the testimony of plaintiffs' experts, not the entire experts' opinion. Plaintiffs object to such discovery and cite Town of North Kingstown v.Ashley, where the court held that discovery of expert testimony is allowed only to avoid injustice or undue hardship.
This Court agrees with the plaintiffs and finds the facts of this case do not warrant a determination of either injustice or undue hardship in not allowing defendants discovery of such testimony.
Accordingly, defendants' request to discover plaintiffs' experts' testimony is denied.